UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **AARON LARRY BOWMAN** | **CIV. ACTION NO. 3:22-02824** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **SHERIFFS OFFICE OUACHITA PARISH, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Before the undersigned magistrate judge, on reference from the District Court, is an unspecified Rule 12(b) motion to dismiss [doc. # 9] filed by Defendants, City of Monroe (the "City") and Monroe Police Department ("MPD"). The motion is unopposed. For reasons set forth below, it is recommended that the motion to dismiss be GRANTED and that Plaintiff's claims against the City and MPD be DISMISSED WITH PREJUDICE. It is further recommended that Plaintiff's § 1983 claims against all other Defendants be DISMISSED WITH PREJUDICE and that Plaintiff's remaining state law claims be REMANDED to state court. Finally, it is recommended that Plaintiff's counsel remit the sum of $1,000 to Defendant, Louisiana Department of Public Safety & Corrections (Office of the State Police) ("DPSC").

**Background**

This is the second time that Defendant, DPSC, has removed this case to federal court. The first time, the case was styled and numbered as *Bowman v. Sheriff's Office Ouachita Parish, et al.*, Civ. Action No. 20-1372 (W.D. La.) (hereinafter, "*Bowman I*"). Because *Bowman I* helps set the stage for the case's current posture, the undersigned will borrow salient portions of the factual background from the February 22, 2021 Report and Recommendation [doc. # 60] issued in *Bowman I*.

On September 21, 2020, Aaron Bowman filed the instant "Petition for Damages for

Police Misconduct and Excessive Force" in the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana, against the following Defendants: Ouachita Parish Sheriff's Office; Sheriff Jay Russell; Metro Narcotics Unit; Monroe Police Department; Louisiana State Police Department; University of Louisiana at Monroe Police Department; City of Monroe, Parish of Ouachita; and Deputy Donovan Ginn.

Bowman alleged that on May 30, 2019, certain officers of the foregoing agencies followed his vehicle home and approached him after he pulled into his driveway. The officers initially inquired and confirmed with Bowman that he did not have any drugs or weapons on him. Nevertheless, the officers proceeded to pull Bowman out of the vehicle. The officers then dragged Bowman face down to the ground and, despite his lack of resistance, hit and kicked him for a period of time. As a result of the attack, Bowman suffered multiple lacerations, a cut to the top of his head, a fractured arm, and broken ribs. According to Bowman, the officers then fabricated a false narrative of the encounter. Bowman was not arrested at the scene, but Deputy Ginn obtained an arrest warrant for him three to four days later.

Bowman contends that the officers' actions were unreasonable, violated police procedures, constituted excessive force, negligence, bad judgment, and transgressed the Fourth and Fourteenth Amendments to the U.S. Constitution, as well as certain provisions of the Louisiana Constitution. Bowman requested compensatory and punitive damages, plus attorney's fees, under 42 U.S.C. § 1983, Louisiana tort law, and/or the Louisiana Constitution.[1]

---

[1] Although Bowman originally filed suit in state court, he specifically invoked federal question jurisdiction, 28 U.S.C. § 1331, and even federal supplemental jurisdiction, 28 U.S.C. § 1367. (Petition, ¶ 2).

On October 22, 2020, Defendant, DPSC (incorrectly sued in the petition as "Louisiana State Police Department"), removed *Bowman I* to federal court on the basis of federal question jurisdiction, 28 U.S.C. § 1331, pursuant to Bowman's assertion of a claim under 42 U.S.C. § 1983. (Notice of Removal).

On October 29, 2020, DPSC filed a motion to dismiss for lack of personal jurisdiction, insufficiency of service of process, and for failure to state claim upon which relief can be granted (including a prescription argument) pursuant to Rules 12(b)(2) and (4)-(6) of the Federal Rules of Civil Procedure.

On October 30, 2020, Defendant, the Board of Supervisors for the University of Louisiana System (incorrectly sued as "University of Louisiana Monroe Police Department") (hereinafter, "ULS Board") filed a motion to dismiss for lack of subject matter jurisdiction (Eleventh Amendment immunity), lack of personal jurisdiction, insufficient service of process and/or service of process, and for failure to state a claim upon which relief can be granted (including a prescription argument) pursuant to Rules 12(b)(1)-(2) and (4)-(6) of the Federal Rules of Civil Procedure.

On November 18, 2020, Bowman filed an amended complaint wherein he again invoked the jurisdiction of the court via 28 U.S.C. §§ 1331, 1343, and 1367. *Bowman I*, [doc. # 19]. He also effectively substituted Defendants, DPSC and the ULS Board, for the incorrectly named iterations of these parties. He further added ten fictitiously named parties, consisting of five "John Doe" defendants and five "ABC Insurance Company" Defendants. Moreover, the amended complaint voluntarily dismissed the Ouachita Parish Sheriff's Office and Metro

3

Narcotics Unit from the case and clarified some of the allegations against the remaining parties.

On November 18, 2020, Bowman sought and obtained the first of several motions for extensions of time to respond to the pending motions to dismiss. *See Bowman I*, [doc. #s 20, 22, 24, 26-27, 33-36, 39-41, 44-46].

On December 2, 2020, Defendant, ULS Board, filed its second motion to dismiss, wherein it re-urged its arguments from its initial motion, but re-focused them upon the amended complaint. *Bowman I*, [doc. # 28]. Also, on December 2, 2020, Defendants, the City and the MPD, filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or alternatively, a motion to stay the suit pending the outcome of related criminal proceedings. *Bowman I,* [doc. # 31].

Rounding out the dispositive motion practice, on December 23, 2020, Defendants, Ouachita Parish Sheriff Jay Russell and Deputy Donovan Ginn (collectively, the "Sheriff") filed a Rule 12(b)(6) motion to dismiss Bowman's claims against them on the basis that the claims were time-barred. *Bowman I*, [doc. # 37].

Bowman's several extensions of time ultimately resulted in a January 14, 2021 deadline in which to respond to the pending motions and to again amend his pleading, ostensibly to join an additional defendant, Louisiana State Trooper Jacob Brown. *See Bowman I*, [doc. #s 39-41, 44-46]. However, instead of filing an opposition to the pending motions and an amended complaint to join Trooper Brown, Bowman filed motions to amend his complaint to voluntarily dismiss his federal § 1983 claims and to remand his remaining state law claims to state court. *Bowman I*, [doc. #s 47 & 48].

4

On February 5, 2021, most, if not all Defendants filed oppositions to Bowman's motions for leave to amend and to remand. *See Bowman I*, [doc. #s 53-55].

Importantly, on February 12, 2021, Bowman filed his reply brief, whereby he stated that he did not "object to the dismissal of his federal cause of action . . . with prejudice. Thus, the Defendants w[ill] not have to face the prospect of defending against Mr. Bowman's federal claim now nor in the future." *Bowman I*, [doc. # 56].

On February 22, 2021, the court granted Bowman's motion for leave to amend his complaint to strike and remove all federal causes of action under 42 U.S.C. § 1983 or any other federal law. *See* R&R and 2nd Amend. Compl., Bowman I, [doc. #s 60 & 61]. Magistrate Judge Hayes also recommended that Bowman's associated motion to voluntarily dismiss, with prejudice, all of his federal claims be granted and that the case be remanded to the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana.

On March 9, 2021, the District Court granted Bowman's motion to voluntarily dismiss all of his federal claims, with prejudice, and remanded his remaining state law claims to state court. *Bowman I* [doc. # 67].

Back in state court, Defendants' motion practice resumed with the filing of "exceptions" that urged dismissal of claims and parties on grounds of improper service, lack of capacity, prescription, etc. *See* Notice of Removal, Exh. A, in globo [doc. # 1]. Curiously, in June 2021, Bowman either filed, or sought leave to file, a third amended petition to join two officers with the United States Drug Enforcement Administration, Darryl Cowan and Victor Zordan. *Id*., pgs. 390-393. Bowman later disavowed the amendment and voluntarily dismissed Cowan and Zordan. *Id*.

In due course, a hearing on the pending exceptions and other motions was set for the morning of July 19, 2022. *Id*. [doc. 1-2, p. 556 ]. However, after 4:00 p.m. on the day before the hearing, Bowman filed at least his fourth amended petition, which he styled as his "First Amended Complaint" (hereinafter referred to as "Latest Amended Complaint" or "LAC") to finally fulfill his long-stated intention to join Trooper Jacob Brown as a Defendant, but, in so doing, he also inexplicably reasserted his dismissed federal law claims against the existing Defendants, plus the new Defendant, and again explicitly invoked federal question jurisdiction, 28 U.S.C. § 1331. *Id*., pgs. 662-672.

Not surprisingly, on August 17, 2022, Defendant, DPSC, re-removed the case to federal court on the basis of Bowman's reassertion of his previously dismissed claims under 42 U.S.C. § 1983 against the original Defendants, plus Jacob Brown. (Notice of Removal). Critically, Bowman has made no attempt to retract or withdraw the LAC either during the almost 30-day period prior to removal, or in the almost six-month period since removal.

Meanwhile, on September 23, 2022, Defendants, the City and MPD, filed the instant Rule 12(b) motion to dismiss Bowman's claims for five stated reasons: *First*, the MPD cannot be sued under state or federal law. *Second*, Bowman's claims against the City under Section 1983 are barred by res judicata or judicial estoppel. *Third*, Bowman's claims against the City for its own negligence are time-barred, barred by discretionary immunity, and unsupported by any facts. *Fourth*, Plaintiff does not state a claim for vicarious liability under state law because he does not allege that a single City employee was involved in his incident. *Fifth*, Bowman does not have a claim for punitive damages or attorney's fees against the City.

Bowman did not file a response to the motion and the time to do so has long passed. Accordingly, the motion is deemed unopposed. *See* Notice of Motion Setting [doc. # 10]. The

6

court will treat the motion as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

## Standard of Review

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief, *inter alia*, when it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." FED. R. CIV. P. 8(a)(2). Circumstances constituting fraud or mistake, however, must be alleged with particularity. FED. R. CIV. P. 9(b).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010) (citation omitted).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

(citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly, supra*. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Although limitations is an affirmative defense, a district court is authorized to dismiss a case (even *sua sponte*) when "it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations." *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (citation omitted). "A motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling." *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014) (citation omitted).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id*.

## Analysis

**I.    Jurisdictional and Procedural Concerns**

Under state and federal law, leave of court, or written consent of the adverse party, is required to amend a pleading after an answer is filed. *See* LA. CODE CIV. P. ART. 1151 and FED. R. CIV. P. 15. Here, it does not appear that Bowman obtained leave of court or consent of the parties before filing the LAC. Therefore, the LAC arguably could be stricken on that basis. However, no party has challenged the procedural propriety of the filing of the LAC, and, thus, the court will accept the record as it stands. The LAC's plain invocation of federal law

remedies and a federal jurisdictional statute more than suffice to confer federal question jurisdiction and to support a basis for re-removal.

**II.     Judicial Estoppel**

Judicial estoppel is an equitable doctrine that "prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding."  *Gabarick v. Laurin Mar. (Am.) Inc.*, 753 F.3d 550, 553 (5th Cir. 2014) (citations omitted).  "One of the doctrine's purposes is 'to prevent litigants from playing fast and loose with the courts.'"  *Id*. (citation omitted).  Judicial estoppel includes at least two essential ingredients:  first, the estopped party's position must be "clearly inconsistent with its previous one," and second, "that party must have convinced the court to accept that previous position."  *Id*. (citation omitted).

In this case, Bowman's wholesale reincorporation of his federal law claims against the original Defendants in the LAC clearly is inconsistent with his voluntary dismissal of these same claims, with prejudice, and his representation to the court that "[d]efendants w[ill] not have to face the prospect of defending against [his] federal claim now nor in the future."  Furthermore, this court relied on Mr. Bowman's representations and filings when it granted his motion to voluntarily dismiss his federal law claims and to remand the remaining state law claims to state court.

In short, the preconditions for application of judicial estoppel are satisfied in this case. Therefore, Bowman is estopped from reasserting federal law claims against the City, MPD, and the other original Defendants.  Although Bowman seemingly reasserted § 1983 claims against all Defendants, they did not join in the instant motion or seek dismissal of this claim. Nonetheless, a defendant who has not appeared may benefit from defenses raised by other

9

defendants who have appeared. *Cleveland v. Liberty Cnty. Sheriff's Dep't*, 626 Fed. App'x. 540, 543 n.2 (5th Cir. 2015) (citing *Lewis v. Lynn,* 236 F.3d 766, 768, 236 F.3d 766 (5th Cir. 2001)). Accordingly, the court will recommend, sua sponte, that Bowman's federal law claims as to all original Defendants be dismissed with prejudice.[2]

### III.   Section 1983 Claims are Time-Barred as to All Defendants

Insofar as judicial estoppel does not bar Bowman's federal law claims under § 1983 against Jacob Brown, they, like his § 1983 claims against all Defendants, are time-barred. Statutes of limitations serve as absolute bars to suit. *Nottingham v. Richardson*, 499 Fed. App'x. 368, 375 (5th Cir. 2012). However, there is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983. *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). Therefore, the court looks to the forum state's "general or residual" limitation for personal injury actions, which, in Louisiana, is one year. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (citations omitted); LA. CIV. CODE ART. 3492 (delictual actions are subject to a liberative prescription period of one year); *Owens v. Okure*, 488 U.S. 235, 249–50; 109 S.Ct. 573, 582 (1989).

Bowman did not file a response to the motion to dismiss and, thus, did not contest that his federal law claims are time-barred. It could be argued that his § 1983 claim should be governed by Louisiana's two- year prescriptive period for "delictual actions which arise due to damages sustained as a result of an act defined as a crime of violence . . ." LA. CIV. CODE ART. 3493.10.

---

[2] The court possesses the inherent authority to dismiss a party *sua sponte*. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *McCoy v. Wade*, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (the report and recommendation itself provides adequate notice to the parties); *Thomas v. Texas Dept. of Family and Protective Services*, 427 Fed. App'x. 309 (5th Cir. 2011) (sua sponte dismissal on 11th Amendment grounds).

In *Owens v. Okure*, however, the Supreme Court held "that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the **general or residual** statute for personal injury actions." *Owens, supra* (emphasis added). Relying on *Owens, supra*, all three federal district courts in this state repeatedly have declined to apply Article 3493.10's two- year prescriptive period to section 1983 claims.[3]

Needless to say, Bowman did not provide any rationale to diverge from this overwhelming weight of authority, nor does the undersigned perceive any cognizable basis for doing so.

That being said, "federal law determines when a § 1983 claim accrues." *Jacobsen, supra* (citation omitted). "Under federal law, the [limitations] period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (citations and internal quotation marks omitted). Further, "[a] plaintiff need not realize that a legal cause of action exists; a plaintiff need only know the facts that would support a claim." *Id*. (citation omitted). In fact, "a plaintiff need not have actual knowledge if the circumstances would lead a reasonable person to investigate further." *Id*. (citation omitted).

Here, it is manifest that Bowman's federal cause of action accrued on May 30, 2019, the

---

[3] *Jerxavier L. Lane v. La Dept Of Corrections, et al.*, Civ. Action No. 17-0547, 2021 WL 5285853, at *1 (W.D. La. Nov. 12, 2021); *Edwards v. Lewis*, Civ. Action No. 21-0560, 2021 WL 3363555, at *3 (W.D. La. July 15, 2021), *R&R adopted,* 2021 WL 3359984 (W.D. La. Aug. 2, 2021); *Byrd v. Scott P. Nelson, et al.*, Civ Action No. 20-1282, 2021 WL 3745011, at *2 (W.D. La. Aug. 24, 2021); *Winstel v. City of Shreveport*, Civ. Action No. 12-2617, 2013 WL 4888614, at *4 (W.D. La. Sept. 11, 2013); *Savoy v. St. Landry Parish Council,* Civ. Action No. 08-0232, 2009 WL 4571851 (W.D. La. Dec. 1, 2009); *Diaz v. Guynes*, Civ. Action No. 13-4958, 2015 WL 1897630, at *2 (E.D. La. Apr. 27, 2015); *Cook v. Lamotte*, Civ. Action No. 14-0428, 2015 WL 269149, at *1 (M.D. La. Jan. 21, 2015).

date that officers allegedly battered and injured him. Bowman, however, did not assert his federal law claims until he filed the instant suit almost sixteen months later. By then, of course, it was too late.[4] Therefore, Bowman's § 1983 claims, punitive damages claims thereunder, and any claims for attorney's fees under 42 U.S.C. § 1988, are untimely on the face of the complaint, and subject to dismissal on that basis as to all Defendants.

## IV. State Law Claims Against the City and MPD

The City and MPD also seek dismissal of Bowman's state law claims against them. Typically, this court would not reach arguments pertaining to state law claims, when, as here, it declines to exercise supplemental jurisdiction over state law claims asserted against other parties. *See* discussion, *infra*. However, the posture of this case is rather unique, given that it is again before the court principally because Bowman did not abide by his prior representations to the court. Moreover, this is not the first time that the City and MPD have raised these same arguments in support of dismissal via motion and exception, and it would prove incongruous with the administration of justice to continue to defer consideration of the matter. Finally, the fact that Bowman did not oppose the motion cannot be understated. Accordingly, the court will resolve Bowman's state law claims against the City and MPD.

As an initial matter, the MPD lacks the capacity to be sued. Under Federal Rule of Civil Procedure 17(b), "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." FED. R. CIV. P. 17(b). Thus, the law of Louisiana controls here. *See, e.g., Union Pac. R.R. Co. v. Taylor Truck Line, Inc.*, Civ. Action No. 15-0074, 2016 WL

---

[4] Bowman did not advance any grounds for equitable tolling. *See Stapleman v. Dep't of Pub. Safety & Corr.*, 537 Fed. App'x. 492 (5th Cir. 2013) (plaintiff failed to show that equitable tolling was warranted where his complaint was facially untimely).

7480504, at *3 (W.D. La. Oct. 31, 2016), *R&R adopted*, 2016 WL 7473776 (W.D. La. Dec. 28, 2016). To have the capacity to be sued under Louisiana law, an entity must qualify as a "juridical person." *Id.* (citing *Dejoie v. Medley*, 945 So.2d 968, 972 (La. App. 2d Cir. 2006)). A "juridical person" is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE ART. 24.

MPD is a dependent agency of the City of Monroe and has no authority separate and apart from the City.[5] Federal courts in Louisiana regularly hold that city police departments are not juridical entities capable being sued. *See Martin v. Davis*, Civ. Action No. 06-1770, 2007 WL 763653, at *2 (E.D. La. Mar. 8, 2007) ("Under Louisiana law, police departments are not juridical entities capable of suing or being sued"); *Walker v. Jackson Par. Dist. Attorney's Office*, Civ. Action No. 12-02978, 2013 WL 2424380, at *3 (W.D. La. June 3, 2013) (West Monroe Police Department); *Hicks v. Page*, Civ. Action No. 10-0084, 2010 WL 2243584, at *2 (W.D. La. Feb. 26, 2010), *R&R adopted*, 2010 WL 2246393 (W.D. La. May 28, 2010) (Shreveport Police Department).

Further, this court repeatedly has found that MPD does not have the capacity to be sued. *Richardson v. U. S. Fed. Bureau of Investigations*, Civ. Action No. 20-1050, 2021 WL 1207752, at *13–14 (W.D. La. Mar. 15, 2021), *R&R adopted*, 2021 WL 1258400 (W.D. La. Apr. 1, 2021); *Carter v. Monroe Police Dep't*, Civ. Action No. 19-0884, 2019 WL 6125242, at *8 (W.D. La. Oct. 29, 2019), *R&R adopted*, 2019 WL 6130827 (W.D. La. Nov. 18, 2019); *Davis v. Chapman*, No. Civ. Action No. 12-0830, 2013 WL 3465797, at *3 (W.D. La. July 9, 2013) (finding claims

---

[5] *See* MONROE CITY CHARTER § 3-01 (stating that the mayor is the chief executive office of the City exercising all control over departments); MONROE CITY CHARTER § 4-01 (stating that all departments are under the direction of the mayor as established by the Charter); MONROE CITY CHARTER § 4-04 (establishing the police department).

against MPD to be "frivolous" and dismissing for lack of capacity).

Accordingly, the MPD lacks the capacity to be sued, and Bowman's claims against it are subject to dismissal on that basis. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 3114 (5th Cir. 1991) (affirming district court's dismissal of a defendant, with prejudice, because it could not be sued as an independent entity).[6]

The City advanced at least three, unopposed grounds to support dismissal of Bowman's state law claims against it: prescription, discretionary act immunity, and failure to state a claim. The court need look no further than the last basis to find that Bowman's claims against the City are subject to dismissal. In the LAC, Bowman asserted that the City was liable for negligent, hiring, training, supervision, retention, and control of the Defendant officers who deprived him of his rights. *See* LAC, ¶¶ 36, 42-44 (citing LOUISIANA CIVIL CODE ARTS. 2315-2317, and 2320). However, the only individual officers named in the LAC are Ouachita Parish Sheriff Deputy Donovan Ginn and Louisiana State Police Trooper Jacob Brown, neither of whom were employed by the City. *See* LAC, ¶ 1.

"'A claim against an employer for the torts of an employee based on the employer's alleged direct negligence in hiring, retaining, or supervising the employee generally is governed by the same duty-risk analysis' used in Louisiana for negligence claims." *Gomez v. Galman*, 18 F.4th 769, 780 (5th Cir. 2021) (citation omitted). Louisiana courts employ a duty-risk analysis to weigh a plaintiff's negligence claim. *Long v. State ex rel. Dept. of Transp. and Development*, 916 So.2d 87, 101 (La. 2005) (citation omitted). To prove negligence under the duty-risk

---

[6] Even if the MPD had the capacity to be sued, Bowman's claims against it are coextensive with his claims against the City and subject to dismissal for the same reasons as his claims against the City. *See* discussion, *infra*.

analysis, the plaintiff must establish:

> 1) the conduct in question was a cause-in-fact of the resulting harm, 2) the defendant owed a duty of care to the plaintiff, 3) the defendant breached that requisite duty and 4) the risk of harm was within the scope of protection afforded by the duty breached. If the plaintiff fails to prove any one of the elements, the defendant is not liable.

*McGuire v. New Orleans City Park Imp. Ass'n*, 835 So.2d 416, 421 (La. 2003) (internal citations omitted).

Furthermore, Louisiana Civil Code Article 2320 provides that, "[m]asters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." LA. CIV. CODE ART. 2320. The law is clear that "an employer is liable for a tort committed by his employee if, at the time, the employee was acting within the course and scope of his employment." *Baumeister v. Plunkett*, 673 So.2d 994, 996 (La. 1996) (citation omitted). However, Article 2320 applies only if a plaintiff first proves the existence of an employer-employee relationship. *Sparks v. Progressive Am. Ins. Co.*, 517 So.2d 1036, 1038 (La. App. 3rd Cir. 1987) (citation omitted). Furthermore, responsibility under Article 2320 attaches only when the employer might have prevented the act that caused the damage but failed to do so. *Alexander v. Lowes Companies*, 701 So.2d 239, 242 (La. App. 1st Cir. 1997) (citation omitted).

As used in the Civil Code, a "servant," means "anyone who performs continuous service for another and whose physical movements are subject to the control or right to control of the other as to the manner of performing the service." *Ermert v. Hartford Ins. Co.*, 559 So. 2d 467, 476 (La. 1990). A plaintiff's claim for vicarious liability fails at the pleading stage if he does not include facts to support an inference that the direct tortfeasor "perform[ed] a continuous service" for the putative employer, or that the tortfeasor's "physical movements [were] subject to

15

the control or right to control" of the alleged employer. *Doe v. Mckesson*, 945 F.3d 818, 825–26 (5th Cir. 2019), *vacated,* ___ U.S. ___, 141 S.Ct. 48 (2020).

Here, the LAC contains no facts to show that any of the officers involved in the events that led to Bowman's injuries and damages were employed, hired, trained, supervised, or retained by the City. In the absence of same, Bowman cannot show that the City breached any duty directly (or vicariously) owed to him or that, if it did, any such breach was a cause-in-fact of his damages. Accordingly, Bowman fails to state a plausible claim for relief against the City under Louisiana tort law.

## V.  State Law Tort Claims Against Remaining Parties

When, as recommended here, all claims which conferred original jurisdiction are dismissed, the court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3). In fact, this is the general rule. *Priester v. Lowndes County*, 354 F.3d 414, 425 (5th Cir. 2004) (citation omitted). The court understands that Defendants contend that Bowman's remaining state law claims are time-barred. To date, however, the Louisiana Supreme Court has not determined whether Louisiana's two- year prescriptive period for crimes of violence could apply to excessive force claims in the present context. *See* LA. CIV. CODE ART. 3493.10. Moreover, the limited decisions issued by the Louisiana intermediate courts on the subject are neither binding, nor detailed. Thus, remand will permit the state courts to resolve this issue directly.

In sum, the twin interests of comity and efficiency dictate that the remaining state law claims be remanded. 28 U.S.C. § 1367(c)(1) & (3); *Williams v. Ouachita Par. Sheriff's Dep't*, Civ. Action No. 17-0060, 2017 WL 4401891 (W.D. La. Aug. 28, 2017), *R&R adopted,* 2017 WL 4399277 (W.D. La. Oct. 3, 2017) (declining to exercise supplemental jurisdiction over

potentially untimely state law claims after dismissal of federal law claims).

## VI. Fees and Costs

The last time this case was removed, the court declined a request by DPSC to assess costs and fees incurred post-removal. The court noted, in part, that DPSC failed to cite any authority for its argument. This time, however, the court is not as reticent about making such an award, even *sua sponte*.

Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Further, "[a]n award of attorney's fees under § 1927 requires evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.,* 739 F.3d 848, 871 (5th Cir. 2014).

Here, the court finds that counsel for Bowman unreasonably and vexatiously multiplied these proceedings by reasserting, without explanation or leave of court, federal law claims in the LAC that her client had voluntarily dismissed previously. Moreover, Bowman advanced no argument to show that his federal law claim against the new defendant was not time-barred. Even if the reintroduction of the dismissed federal law claims was inadvertent, counsel for Bowman has taken no steps to redress the error over the past six months. Thus, at best, the conduct evidences counsel's reckless disregard to the duty owed to the court.

Under these circumstances, the court will assess counsel for Bowman, Donecia Banks-Miley, the total sum of $1,000.00 to cover the federal filing fee and to help ameliorate some of the attorney's fees incurred by the DPSC associated with the second removal. No fees or costs are awarded in favor of the City and MPD. Their remedy is dismissal from the case.

### Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that the Rule 12(b) motion to dismiss [doc. # 9] filed by Defendants, City of Monroe and Monroe Police Department, be GRANTED, and that Plaintiff Aaron Bowman's claims against said Defendants only be DISMISSED, with prejudice, in their entirety, for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

IT IS FURTHER RECOMMENDED that Plaintiff Aaron Bowman's federal law claims under 42 U.S.C. § 1983, *et seq.*, against *all* Defendants be DISMISSED, with prejudice, for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

IT IS FURTHER RECOMMENDED that costs and fees be assessed against Plaintiff's counsel, Donecia Banks-Miley, for the total sum of $1,000.00, made payable to the Louisiana Department of Public Safety & Corrections, in care of its attorney(s) of record. 28 U.S.C. § 1927.

IT IS FURTHER RECOMMENDED that the state law claims against the remaining Defendants be REMANDED to the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana. 28 U.S.C. § 1367(c).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 22nd day of February, 2023.

                                                               KAYLA DYE MCCLUSKY
                                                               UNITED STATES MAGISTRATE JUDGE